IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARIBBEAN TEMP. SERVS., INC., <br><br>    Plaintiff, <br><br> v. <br><br> DEMOLITION ECOLOGIE LLC, ET AL., <br><br>    Defendants. | CIV. NO.: 11-1165(CCC/SCC) |

**REPORT AND RECOMMENDATION**

    In February 2011, Plaintiff Caribbean Temporary Services, Inc. ("Caribbean"), sued Co-Defendants Demolition Ecologie, LLC, William J. Menckler, Zenith Holding Group, and others for damages arising from the breach of a services contract. *See* Docket No. 1. None of the defendants ever appeared, and the clerks office made an entry of default against them. *See* Docket Nos. 13, 25. Plaintiff then moved for default judgment against the defendants. *See* Docket Nos. 19, 27. Although the complaint was for a sum certain, Plaintiff did not submit sufficient

evidence to satisfy Federal Rule of Civil Procedure 55(b)(1), *see* Docket No. 28, at 2, and the matter was referred to the undersigned to hold a hearing on damages. *See* Docket No. 30.

That hearing was held on August 24, 2012. Ivonne M. Negron and Maritza Velez testified for Plaintiff and various exhibits were admitted into evidence. After the hearing, Plaintiff filed with the court a final computation of damages, as well as a motion for costs and fees. *See* Docket Nos. 40, 41. Below, we take up the matter of damages first and then discuss Plaintiff's request for costs and fees.

### I. Damages

Defendants are in default, and so we deem the allegations in Plaintiff's complaint admitted. *See Disney Enters., Inc. v. Away Discount*, 778 F. Supp. 2d 157, 161 (D.P.R. 2010) ("Having defaulted, . . . Defendants thus admitted the well-pleaded facts of the complaint . . . ." (citing *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Intern., Inc.*, 982 F.2d 686, 693 (1st Cir. 1993))). The complaint shows that Plaintiff entered into a contract with Demolition Ecologie under which Plaintiff would provide temporary employees for Demolition Ecologie's Puerto Rico operations. *See* Docket No. 1, ¶ 11. Plaintiff provided those employees, but Demolition never paid. *See id.*

¶ 12. Likewise, Defendant Zenith Holding Group signed an agreement with Demolition Ecologie whereby it assumed all of Demolition Ecologie's debt related to its Lafayette project in Arroyo, Puerto Rico. *See id.* ¶ 14. Zenith has never paid the overdue balance related to the Lafayette project. *See id.* ¶ 18.

At the damages hearing, Plaintiff presented evidence showing that services worth $353,396.80 were provided to Demolition Ecologie but were not paid for. *See* Pl.'s Exh. 11.[1] Of this amount, $184,471.60 is related to the Lafayette project in Arroyo, Puerto Rico. *See id.* At the hearing, Maritza Velez testified that Plaintiff's contract with Demolition Ecologie also provided for a 2% late fee, accruing on a monthly basis, on all unpaid amounts. *See* Pl.'s Exh. 3, at 2. Along with its motion regarding the calculation of damages, Plaintiff submitted a spreadsheet calculating the late fees as due August 27, 2012. *See* Docket No. 40-1. As of that date, a total of $161,639.84 in late charges was due, $84,339.60 of which was related to the Lafayette project. Adding those up, Plaintiff, as of August 27,

---

1. The first two pages of Exhibit 11 consist of a spreadsheet prepared by Maritza Velez, an employee of Plaintiff who testified at the hearing. This spreadsheet, which is organized by job site, summarizes the attached invoices and provides site-specific as well as total sums for the money owed to Plaintiff.

| CARIBBEAN TEMP. SERVS. v. DEMOLITION ECOLOGIE | Page 4 |
|---|---|

2012, was owed damages totaling $515,036.64, $268,811.20 of which relates to the Lafayette project.

Based on this evidence, we recommend that judgment be entered as follows: Demolition Ecologie should be found liable for $515,036.64, plus future late fees.[2] Of that amount, Zenith Holding should be found jointly and severally liable with Demolition Ecologie for $268,811.20, plus future late fees.

## II.  Costs and Fees

After the hearing, Plaintiff filed a motion for costs and fees. It seeks $1,066.64 in costs and $8,133.33 in attorneys' fees. *See* Docket No. 41.

Plaintiff's motion for costs cannot be considered because it lacks an affidavit swearing that the bill of costs is "correct and has been necessarily incurred in the case." 28 U.S.C. § 1924 (requiring that bills of costs be verified); *see also Aponte-Rivera v. DHL Solutions (USA), Inc.*, No. 07-1950(HDL), 2010 WL 2267327, *2 (D.P.R. June 2, 2010) (denying bill of costs for failure to attach affidavit).

As for Plaintiff's motion for attorneys' fees, in this diversity

---

2. Co-Defendant William J. Menckler, as well as his wife and their conjugal partnership, should also be found jointly and severally liable for the entire amount of damages owed by Demolition Ecologie.

case there is no automatic right to attorney's fees. Instead, the question is controlled by Puerto Rico Rule of Civil Procedure 44.1, which permits fees only where a "party or its lawyer has acted obstinately or frivolously." Here, neither the defendants nor their attorneys have acted *at all*, much less acted obstinately. We can find no precedent supporting a fee award under these circumstances.[3] However, Plaintiff's fees motion does not make any argument regarding its entitlement to fees, and it would therefore perhaps be unfair to finally deny the motion at this time.

We recommend that the motion for costs and fees be

---

**3.** We recognize the oddness of suggesting that a party that refuses to participate in a court proceeding might not act obstinately, but we are guided by the First Circuit's holding that a "finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." *De Leon-Lopez v. Corporacion Insular de Seguros*, 931 F.2d 116, 126 (1st Cir. 1991). We would not decide the matter in its current, unargued form, however, because other precedent could be read to cut the other way. *See, e.g.*, *Renaissance Mktg., Inc. v. Monitronics Int'l, Inc.*, 673 F. Supp. 2d 79, 83 (D.P.R. 2009) ("[A]n award of attorney's fees is proper where a party engages in actions 'which result in a litigation that could have been avoided, which prolongs it needlessly, or that obliges the other party to embark on needless procedures.'" (quoting *Fernández-Mariño v. San Juan Cement Co., Inc.*, 18 P.R. Offic. Trans. 823, 830 (1987))).

| CARIBBEAN TEMP. SERVS. v. DEMOLITION ECOLOGIE | Page 6 |
|---|---|

denied, but without prejudice. That way, Plaintiff will have the opportunity to more fully demonstrate its entitlement to the costs and fees it is requesting.

### III.    Conclusion

For all of the reasons stated above we recommend the following: First, that judgment be entered against Demolition Ecologie and William J. Menckler, his wife, and their conjugal partnership in the amount of $515,036.64, plus future late fees, and that they be made jointly and severally responsible for the total award. Second, that judgment also be entered making Zenith Holding Group jointly and severally responsible with the preceding defendants for $268,811.20 of the total amount, plus future late fees. And third, that Plaintiff's motion for costs and fees, Docket No. 41, be denied without prejudice.

IT IS SO RECOMMENDED.

The parties have until September 25, 2012, to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 20th day of September, 2012.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE